EUGENE PATNEAUD

v.

HYPPOLITE CLAIRE.

*Real Property—Drainage—Natural Course and Outlet—Obstruction of
—Easement.*

1. Where the natural course and outlet for water on the land of one owner is over the land of another, such course can not be obstructed.

2. A purchaser of land knowing that such a ditch runs across it from the land of another, can not lawfully close the same.

[Opinion filed July 1, 1889.]

APPEAL from the Circuit Court of Iroquois County; the Hon. O. F. REEVES, Judge, presiding.

Messrs. KAY & EUANS, and DOYLE, MORRIS & PIERSON, for appellant.

Patneaud had a right to fill up that drain; it was a valuable right, a right vested in him by law; he had never consented to the making or repair of that drain in any way, as recognizing the right of any one to keep it open. It would not be competent for the legislature to divest him of that vested right without his consent, or by due process of law. Bruce v. Schuyler, 4 Gilm. 224; Deininger v. McConnell, 41 Ill. 227; Allwood v. Mansfield, 81 Ill. 314; Mix v. Vail, 86 Ill. 40; Dobbins v. First Nat'l Bank of Peoria, 112 Ill. 553.

There is no evidence in this record upon which to base an instruction upon the question of easement. An easement always has its origin in unity of seizin, and then it must exist with a knowledge of the one holding the title. Morrison v. King, 62 Ill. 30; Ingalls v. Plamondon, 75 Ill. 118; Cihak v. Klekr, 117 Ill. 643.

The Illinois Central Railroad never consented to the making of these drains, nor had knowledge they were made.

Messrs. HARRIS & HOOPER, for appellee.

The ditch was a continuous and apparent easement necessary or convenient to enjoyment of estate and upon severance of the heritage by the railroad company, passed by implication with the dominant estate. Washburn on Real Estate, Vol. 2, page 36 to 38, edition 1862; Morrison v. King, 62 Ill. 34; Ingalls v. Plamondon, 75 Ill. 118; Cihak v. Klekr, 117 Ill. 652.

C. B. Smith, J. This suit was commenced before a justice of the peace and upon a trial there the plaintiff had judgment for $82.50 and upon appeal to the Circuit Court another trial was had before a jury resulting in a verdict for the plaintiff for $18. The court overruled a motion for a new trial and rendered judgment on the verdict. The defendant now prosecutes his further appeal to this court and assigns various errors and asks for a reversal of the judgment.

The facts as disclosed by the evidence in this record are substantially these: Appellant and appellee are adjacent land owners. Appellant, Patneaud, owns the west half of the northeast quarter section 6, T. 27, R. 13 W. Appellee, Claire, owns the east half of the northwest quarter of the same section. Patneaud again owns the north half of the west half of the northwest quarter of section six and which lies immediately west and adjoining Claire's eighty-acre lot. It appears that all these lands formerly belonged to the I. C. R. R. Co., and that in 1860 one Waters purchased the eighty now owned by Claire and that one Tomlins then purchased the forty-acre tract which is now owned by Patneaud and which lies west of Claire's land. While these two men were in possession of the land under the contract of purchase they mutually agreed to and did make a ditch, running across both the eighty and the forty-acre lot, running and carrying the water westward across the forty acres now owned by appellant. This ditch was made about the year 1860, and was kept open by the joint labor of both of them for a number of years. Both of them, however, finally failed to pay the railroad company for the land and it reverted back to the company and their contracts of purchase were canceled. The land was again

sold and after a number of conveyances, finally came into the hands of appellant and appellee as above stated, with the ditch on it.   The ditch was kept open for several years and carried the water off plaintiff's land over defendant's land as it had always done, both defendant and plaintiff helping to keep it open, until about six or seven years ago appellant asserted a distinct and separate ownership of the ditch, denying any right of appellee to it, and finally he determined to tile his land, and desired to and did put tile in the bottom of the old ditch, following the ditch to its outlet on the west line of his land.   After putting in his tile he filled up the ditch to the original level of the ground and in addition to filling up the ditch, he made a dam across the ditch, just west of the division line between his forty and plaintiff's eighty.   This dam was about three and one-half inches above the common level of the ground and was about twenty feet wide.   In addition to building this dam appellant also built a hedge fence on the line between himself and appellee without leaving any opening for the water to pass through as it was accustomed always to do.   The proof from both sides is, that all the land in that vicinity is very level and the fall very slight.   It also appears very clearly that the natural outlet for the water on plaintiff's land was westward over appellant's forty acres and that its natural outlet before and since the ditch was dug, was along the line of the ditch.   All parties recognized this fact by placing the ditch there, and appellant admits it by placing his tile in that bottom of the ditch, and by making his dam there, to prevent the flowage of plaintiff's water upon his land.   The proof is also abundant that this three and one-half inch dam caused the water to flow back and cover something like twenty to thirty acres of plaintiff's land.   Appellant admits putting the dam there, but says when he ascertained that a claim was made that it was above the level of the surface he took it down about three inches to the level of the ground.

Counsel for appellant has discussed many legal questions concerning easements, rights by prescription and dedication, and how they may arise and be gained or lost, but in the view

we take of the case, it becomes a very simple matter, and it is wholly unnecessary for us to consider the various questions made which are not necessary to a correct decision, as we think the judgment is clearly right under the admitted facts in the case.

As we have said, the proof is clear that the natural course and outlet for the water on plaintiff's land, was over the defendant's land, along the line where the ditch was dug, and without any reference to the ditch, the plaintiff had the clear legal right to have the surface and other water naturally falling on his land, pass over the land of appellant in its natural course without obstruction by dams or fences. The law upon this question has been so long and so well settled everywhere that it is a mere waste of time to discuss it further. Peck v. Harrington, 109 Ill. 611.

Under the great preponderance of the evidence in the case the jury could not have found correctly a different verdict. The verdict is small and was, we think, fully justified by the evidence. The second instruction given for the plaintiff recognizes and declares the law to the jury as we have above stated it, with entire accuracy. A great many instructions were given in the case and a number also refused. We have carefully examined all of them and without stopping to discuss them in much detail we shall content ourselves by saying we think the jury was fairly and correctly instructed. The law was given to the jury for appellant quite as favorably as he had any right to ask.

The first instruction in substance informed the jury that if Patneaud bought his land with this ditch then upon it, running from plaintiff's land across his own, and that he knew of its existence, then he took his land with this burden upon it, and that he had no right to afterward stop it up. This instruction we think announces a correct rule of law. An easement existed over the servient heritage in favor of the dominant one to have the water flow through the ditch, as it had been accustomed to do before appellant bought his land. Ingalls v. Plamondon, 75 Ill. 118; Morrison v. King, 62 Ill. 34; Cihak v. Klekr, 117 Ill. 652.

The instruction given by plaintiff relating to proof of a pre-
scriptive right was not erroneous, though it may not have
been fully supported by the proof, but it could do defendant
no harm, since instructions given on his own behalf fully and
clearly explained the law to the jury so that they could not be
misled.   If error at all, it was harmless.   The evidence clearly
supported the verdict.

Seeing no error in the record the judgment is affirmed.
                                            *Judgment affirmed.*